IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RONALD FLORES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | C.A. NO. 1:21-cv-719 |
| v. | § | |
| | § | |
| | § | |
| TEXAS DISPOSAL SYSTEMS, INC. | § | |
| | § | JURY DEMANDED |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff, RONALD FLORES, files this Complaint and Jury Demand against Defendant TEXAS DISPOSAL SYSTEMS, INC., alleging willful violation of the Americans with Disabilities Act, 42 U.S.C. §12101, et seq., as amended by the ADA Amendments Act of 2008 ("ADA"); and the Family and Medical Leave Act. For causes of action, Plaintiff would show the Court as follows:

## I.
### PARTIES, JURISDICTION, VENUE, AND ADMINISTRATIVE EXHAUSTION

1.  Plaintiff, RONALD FLORES, is a resident of Hays County, Texas.

2.  Defendant TEXAS DISPOSAL SYSTEMS, INC. is an entity which can be served with Citation through its Registered Agent, Bob E. Gregory, 12200 Carl Road, Austin, Texas 78747.

3.  At all times relevant to this case, Defendant TEXAS DISPOSAL SYSTEMS, INC. acted as Plaintiff's employer.

4. This Court has jurisdiction to hear the merits of Mr. Flores' claims under 28 U.S.C. §1331. The Court has supplemental jurisdiction over Mr. Flores' claims arising under Texas statutory law under 28 U.S.C. §1367.

5. Venue is proper in this district and division under 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the claims in this case occurred within this district and division.

6. Plaintiff exhausted his administrative remedies in this case by filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission on October 12, 2020, within 300 days of his termination on February 5, 2020. Plaintiff received a Right to Sue notice from the U.S. Equal Opportunity Commission on or after May 20, 2021. The FMLA does not require the exhaustion of any administrative remedies.

## II.
## FACTUAL BACKGROUND

7. Mr. Flores was hired by Defendant in August 2010 as a Painter. He received several promotions and was working in the role of Container Maintenance Manager at the time of his termination.

8. In or around December 2019, Mr. Flores was diagnosed with a heart impairment that substantially limited him in the major bodily function of circulation. Shortly after his diagnosis, Mr. Flores told his manager, Harold Graves, and Defendant's human resources department about his condition. Mr. Flores applied for intermittent leave under the Family and Medical Leave Act, and was notified on February 4, 2020 that his leave was approved effective January 31, 2020.

9. On February 5, 2020, the day after Mr. Flores' intermittent FMLA leave request was approved, Mr. Flores' manager, Harold Graves, informed Mr. Flores that he was being fired.

The reason given for his termination - allowing an employee to drive with an expired driver's license - is a pretext for discrimination based on Mr. Flores' disability and retaliation for his request for FMLA leave.

## III.
## CAUSE OF ACTION

### COUNT ONE

### Discrimination on the Basis of Disability
### in violation of the ADA and Texas Labor Code

10. Defendant violated the Americans with Disabilities Act by discharging Plaintiff. 42 U.S.C. § 12101 et seq.; Texas Labor Code §21.001 et seq.

11. Under 42 U.S.C. §12112 and the Texas Labor Code, §21.001 et seq. (the "Texas Commission on Human Rights Act"), it is unlawful for an employer to discriminate against any individual with respect to his employment because of that individual's disability or because the employer regards the individual as a person with a disability.

12. Defendant is an employer under the ADA and the TCHRA.

13. Plaintiff was qualified for and could perform the essential functions of his job at the time of his termination. Plaintiff is a qualified individual with a disability, is a qualified individual with a record of a disability, and was regarded by the Defendant as a person with a disability.

14. Plaintiff was meeting his employer's expectations. Defendant terminated Plaintiff's employment as a direct result of his disability, his record of having a disability, and/or because Defendant regarded Plaintiff as a person with a disability.

15. Defendant violated the ADA and the Texas Labor Code by intentionally discriminating against Plaintiff because of his disability by terminating Plaintiff's employment. Plaintiff's disability and/or being regarded as disabled was a determining or motivating factor in Defendant's decision to terminate Plaintiff's employment. Plaintiff's disability and/or Defendant's perception of Plaintiff as a person with a disability moved Defendant toward their decisions or was a factor that played a part in Defendant's employment decisions as to Plaintiff.

## COUNT TWO
## Family and Medical Leave Act

16. The Family and Medical Leave Act contains two distinct provisions: (1) an entitlement and non-interference clause and (2) an anti-discrimination clause. See 29 U.S.C. §§ 2612; 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b). Defendant is in willful violation of the FMLA. Defendant violated 29 U.S.C. §2612, §2614 and 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b). Prior to the requested start of his FMLA leave, Plaintiff had been employed by Defendant for at least 12 months and had worked at least 1,250 hours during the 12 months prior to the start of his requested FMLA leave. The employer is one who employs 50 or more employees within a 75-mile radius of the worksite.

17. Plaintiff availed himself of a protected right under the FMLA and was subsequently terminated. There is a causal connection between the Plaintiff's protected activity and Defendant's decision to terminate Plaintiff. Plaintiff's taking of FMLA was a motivating factor in the decision to terminate, and as such was a cause of Plaintiff's damages, as set forth below.

18. In addition, an employer may not interfere with an employee's rights under the FMLA. *See* 29 U.S.C. §2615(a)(1). Defendant interfered with Plaintiff's rights to take Family

and Medical Leave by terminating Plaintiff's employment after being notified of Plaintiff's need for FMLA leave but prior to the start of Plaintiff's leave.

## IV.
## DAMAGES

19. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## V.
## COMPENSATORY DAMAGES

20. Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of his disability, his record of having a disability, and/or because Defendant regarded Plaintiff as being disabled. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VI.
## PUNITIVE DAMAGES

21. The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VII.
## LIQUIDATED DAMAGES

5. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff further seeks liquidated damages in an amount equal to wages, salary, employment benefits, or other compensation lost by Plaintiff and described in §IV, supra.

## VIII.
## ATTORNEYS' FEES AND EXPERT FEES

22. A prevailing party may recover reasonable attorneys' and experts' fees under the Americans with Disabilities Act, the Texas Commission on Human Rights Act, and the Family and Medical Leave Act. Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

## IX.
## JURY DEMAND

23. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay;

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
501 North IH-35, Suite 111
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile

/s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF